McBRIDE, Judge.
On July 5, 1954, at approximately 4:30 p. m., in a steady downpour of rain which rendered visibility poor, with heavy automotive traffic moving along U. S. Highway 90 toward New Orleans from the Mississippi line, an automobile owned by Hubert C. Hall and driven by his minor son, Hubert B. Hall, was forced to come to a sudden stop about three-quarters of a mile from the Pearl River Bridge, and it was thereupon struck in the rear by a vehicle owned and driven by Elijah Williams. The sudden stop made by Hall was necessitated by the fact that the automobile ahead had come to an abrupt stop. Mrs. Hubert C. Hall, who was riding- with her son, sustained injuries as a result of the collision aforestated.
Mr. and Mrs. Hubert C. Hall are the plaintiffs in this suit. Hall seeks to recover the sum of $6,000 for grief and mental anguish and for doctor bills and medical expenses in connection with his wife’s injuries, and Mrs. Hall endeavors to recover the sum of $35,500 for her personal injuries. Impleaded as defendants are Elijah (or Elyah) Williams, Carl E. Ferguson, and the latter’s liability insurance carrier, Globe Indemnity Company, and a judgment in solido against the three defendants is prayed for.
Plaintiffs allege that an automobile owned and driven by Carl E. Ferguson struck the rear of the Williams car, and that the impact forced the Williams car forward causing it to collide with the rear end of the Hall vehicle inflicting upon plaintiffs the damages complained of. Both Ferguson and Williams are charged with having been negligent in several enumerated respects and the petition alleges that the accident was caused through their concurrent negligence. It is averred, among other things, that Ferguson was negligent in having followed the Williams car too closely, in driving at an excessive rate of speed, in not keeping a proper lookout, and in not having his car under proper control at all times.
After a trial below, there was judgment dismissing plaintiffs’ suit against all defendants and plaintiffs have prosecuted this appeal therefrom. Prior to argument of the case before us, plaintiffs specifically abandoned and withdrew their claims for damages against Williams and this defendant, of course, is not now before the court, and the only concern we have is: Did any negligent action of Ferguson cause damage to the plaintiffs?
The three automobiles in question formed links in an almost continuous chain of traf- *491 fie on the highway, and there is no doubt that the Ferguson automobile collided with Williams’ car and there is no contention at all that it did not. What Ferguson and his insurer contend is that the Williams car had already run into the Hall vehicle and caused the damage before the collision occurred between the Ferguson and the Williams cars.
Young Hubert B. Hall, who was driving hÍ9 father’s car, said that he was unable to make any observations of traffic conditions to his rear because of the “fogging up” of his rear-view mirror. However, he was positive that his automobile was struck only one blow in the rear by the Williams car. He did not know whether this result was brought about by virtue of the Ferguson car having collided with Williams’ car.
Contrary to her son’s statement that there was only one collision, Mrs. Hall claims that there were two impacts to their car, the first of which was minor, but she says the second impact was severe and was the one which caused her injuries. She asserted that after experiencing the first and lighter impact, she turned and looked to the rear to see what had happened and then it was that the second blow came.
Williams, who said his memory was poor, testified that Hall’s car was stopped some distance ahead of him, and that when he became aware that it had stopped, he applied his brakes; but due to the wet condition of the roadway, the brakes were ineffective and his car skidded and struck the back of the Hall car. He estimates that at the time of this impact his speed was about 15 miles an hour; however, it was sufficient to knock the Hall car forward. He says he remained seated in his car and that after an interval of about two minutes, the Ferguson car came from his rear and ran into his vehicle and “I was jammed” into the Hall car.
Williams’ wife, Rosalie, who had been riding in the car with her husband, appeared as a witness and the over-all import of her confused and unsatisfactory testimony seems to be that the Williams vehicle came into contact with the Hall car twice, the- first time as a result of having skidded into it and secondly as the result of being shoved forward by Ferguson and! that the impacts were almost simultaneous-
Ferguson testified that Williams’ car was ahead of him and that it ran into the Hall car which was stopped. Upon seeing this state of affairs, he applied his brakes but could not avoid striking the Williams car a “moderate” blow. He emphatically states that hi9 automobile did not cause the Williams vehicle to collide with the Hall car.
Mrs. Ferguson was seated alongside her husband in their car, and also testified in the case, but her statements are of little or no help to the court.
The trial court dismissed the suit on the ground that the defendants were not liable because a sudden emergency had been created by other parties and that there was no actionable negligence on anyone’s part. However, our brother below undoubtedly believed that the Williams car before it was hit by Ferguson’s car skidded into the Hall automobile, for we find in his reasons for judgment the following language:
“ * * * the Court is of the opinion that Williams was not driving his automobile with due regard to the circumstances and conditions then and there existing.
“It was raining hard, and the testimony of Williams’ wife and himself seems to corroborate the fact that he was some distance from the Hall automobile and did not know whether it had stopped, or was stopping.”
Considering the record as a whole, the testimony adduced by the plaintiffs falls far short of preponderating to the effect that plaintiffs’ alleged damages resulted from the fact that Ferguson drove his car into *492 the rear oí the Williams car. After analyzing the testimony carefully our firm opinion is that whatever damage the plaintiffs may have sustained resulted from Williams’ car having skidded into the Hall car before it was struck by Ferguson’s automobile. Thus, the damage had .already been done.
Therefore, the. judgment appealed from is affirmed.
Affirmed.