CHASEZ, Judge.
This is a suit by plaintiff, Excel Finance 'Camp, Inc., against defendant, Lloyd J. Autin, on a note for the principal sum of $292.70, with interest from September 13, 1962, to April 10, 1965, at the rate of 3]4% per month on $150.00 and 2]/£% per month on the balance up to $300.00, and thereafter at 8% per annum, with 25% attorney’s fees. Plaintiff alleged that defendant made false representations in writing concerning his financial condition with intent to defraud, which false statements and omissions plaintiff relied upon in lending defendant the sum herein involved. The defendant answered and admitted executing the note; he, however, denied liability thereon and affirmatively plead its discharge in bankruptcy. After a trial on the merits, the trial court rendered judgment for the plaintiff and the defendant has taken this appeal.
The testimony reveals that the plaintiff attempted to prove its case mainly through the cross-examination of the defendant. The defendant in his testimony admitted executing the note on July 31, 1962. He .admitted giving his financial statement to •the plaintiff in which he represented that his total indebtedness was to another finance company for the amount of $280.00. When asked if he owed any debts on July .31, 1964. other than the one listed on the financial statement, the defendant had an “unusual” lapse of memory. He stated that he thought he had several loans outstanding but to whom, as of what dates, and for what amounts he did not recall, and the record is not clear that these loans were in existence as of July 31, 1962. The defendant said that he filed bankruptcy proceedings on October 10, 1962, but did not remember the amount of debts he had at that time. When the defendant was asked if he had made any loans between July 31, and October 10, 1962, he had another lapse of memory and his answer was, “I don’t remember that far.” He was asked about various other specific debts, but again could not remember the dates or amounts thereof.
The plaintiff then offered the testimony of Jack M. Sands, a supervisor employed by the Finance Company. Mr. Sands approved the loan to Mr. Autin and stated that he relied on the financial statement in making the loan. Mr. Sands testified that the defendant owed a stated amount of money when he went into bankruptcy. He also testified relative to the creditors which were listed on the bankruptcy schedule. His information was secured from a newspaper account of the court proceedings. He did not at any time observe the official bankruptcy petition.
The defendant’s case consisted solely of one question directed to the defendant, i. e., “Isn’t it a fact that both you and your wife filed bankruptcy?” The answer was, “Together, yes, sir”.
Where the suit is on an obligation and the defense is discharge in bankruptcy, recovery may be granted to the plaintiff if he relies on Section 17 of the Bankruptcy Act. He must prove that the borrower submitted to him a false financial statement with an intent to defraud and that the lender relied on such statement. The defendant contends that there has been no proof of a false financial statement as there has been no competent proof that he owed any debts other than the one listed on the financial statement. He argues that the trial *664 court erred in allowing the testimony of Mr. Sands relative to the listing of creditors on the bankruptcy schedule from unofficial sources. We agree with this contention. The best evidence rule requires that written evidence of a fact should be presented if possible and parole evidence should not be considered in such a case. In 32A C.J.S. Evidence § 809b(2), it is stated:
“The rule [best evidence] under consideration excludes parole evidence of proceedings in a court of bankruptcy, such as the appointment of a trustee, a claim of exemption, the setting aside of certain property to a bankrupt as exempt, the contents of a schedule, or a discharge." (Emphasis added)
We believe that if the plaintiff wished to prove through the judicial admissions made by defendant in the bankruptcy proceeding the number and amount of debts he owed at that time he should have presented a certified copy of the bankruptcy petition. This would surely be the best evidence of the contents of the petition. In any event, without any evidence in the record that the defendant had not incurred any debts between July 31, 1962, and October 10, 1962, there can be no basis for inferring that the debts listed in the bankruptcy schedule were owed on July 31, 1962.
There is no proof otherwise of the number and amount of debts owed on July 31, 1962, which would indicate that defendant submitted a false financial statement. The defendant, on cross-examination, seemed to acknowledge that he did have other debts but for some strange reason he could not remember the dates of the existence of these debts. To say the least, we doubt the defendant’s veracity as, obviously, did the trial court. It taxes our credulity to believe that the defendant could not remember any of his affairs. Yet we cannot imply that the defendant does remember and that debts did exist when he states he does not remember. From our view of the record, we do not think that it discloses that plaintiff has offered proof by competent evidence that the defendant owed other debts on July 31, 1962, and therefore submitted a false financial statement.
The best evidence rule also applies to the defendant’s proof of his discharge in bankruptcy. A discharge in bankruptcy is an affirmative defense (LSA-C.C.P. art. 1005), and as such must be proved by the defendant. Here again oral' proof should not be submitted when the best evidence would be a certified copy of" the discharge in bankruptcy.
From the incompetent evidence in* the record, we believe that if plaintiff is given an opportunity to prove by competent, evidence his contention that he was defrauded by defendant, he may be able to do-so. In view of the record before us, we-are unable to pronounce definitely on this-case; in such a situation the appellate court-has the discretion to remand the case for further evidence. LSA-C.C.P. art. 2164.. We are of the opinion that the ends of justice can be served only by a remand. Therefore, the judgment of the trial court is reversed, set aside and the case is remanded for further proceedings according to law.
Reversed, set aside and remanded.