188 So.2d 178 (1966)
Ellis L. MACALUSO
v.
Charles G. WATSON, Noel Brown, and Grain Dealers Mutual Insurance Co.
No. 2260.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1966.
Rehearing Denied July 5, 1966.
Steven R. Plotkin and Richard D. Alvarez, New Orleans, for plaintiff-appellant.
Alwyn J. Justrabo, New Orleans, for Noel Brown, defendant-appellee.
Montgomery, Barnett, Brown & Read, John P. Hammond and Wood Brown, III, New Orleans, for Grain Dealers Mut. Ins. Co., defendant-appellee.
Before YARRUT, SAMUEL and BARNETTE, JJ.
YARRUT, Judge.
This action arises out of an automobile accident which occurred on December 20, 1963 at 7:00 a. m., when Plaintiff, driving his station wagon on General Meyer Avenue, a four-lane roadway (then divided by a neutral ground) in the Algiers section of New Orleans, was struck in the rear by an automobile driven by Defendant (Charles G. Watson) and owned by Defendant (Noel Brown). On the morning of the accident, Watson borrowed the car from Brown, a fellow member of the U. S. Coast Guard, stationed at Algiers, for a mission of his own.
Plaintiff sued Watson, Brown and his own insurer, Grain Dealers Mutual Insurance Company, under the "uninsured Motorist" provision of his policy. Although *179 Watson was served he did not answer the petition or appear at the trial, nor did any insurer appear to defend him.
The trial judge dismissed the suit against Brown, finding he was not negligent in lending his automobile to Watson, and dismissed the Defendant (Grain Dealers Mutual Ins. Co.) because, although Plaintiff proved Brown (the owner) was uninsured, he did not prove Watson, the driver, was uninsured.
Plaintiff took this appeal, contending: (1) That Brown was negligent and, (2) That the Defendant insurer had the burden of proving Watson was uninsured. In the alternative, he asked the case be remanded in order to give him the opportunity to prove Watson was uninsured.
With regard to the first question, it is clear there was no evidence to support the contention that Brown was negligent in lending Watson his car. Brown testified that, as far as he could determine, Watson had no physical disabilities, had not been involved in any automobile accidents, and was sober at the time he loaned him the car. The investigating officer corroborated the fact that Watson was sober. It is well recognized in our jurisprudence that the lender of an automobile is not responsible for the negligence of the borrower unless he has actual or constructive knowledge that the borrower is incompetent or has some apparent disability. Morton v. American Employers Insurance Co., La.App., 104 So.2d 189, and the cases cited therein.
However, the pivotal and important question is whether the insurer or the insured has the burden of proving, under the "uninsured motorist" clause of an automobile policy, that the other motorist in the accident was uninsured. Other jurisdictions hold that the insured, seeking to recover under the uninsured motorist clause of his liability policy, has the burden of proving the offending motorist was uninsured. Hill v. Seaboard Fire and Marine Insurance Co., 374 S.W.2d 606 (Mo.App.); Levy v. American Automobile Insurance Co., 31 Ill.App.2d 157, 175 N.E.2d 607 at 612; Jordan v. Pacific Automobile Insurance Co., 232 Cal.App.2d 127, 42 Cal.Rptr. 556 at 560; McCarthy v. Motor Vehicle Accident Indem. Corp., 16 A.D.2d 35, 224 N.Y.S.2d 909 at 914, aff'd 12 N.Y.2d 922, 238 N.Y.S.2d 101, 188 N.E.2d 405; Appleman on Insurance, Sec. 4331, p. 38 (Supp.). See also Lumpkin v. Aetna Casualty & Surety Co., 21 A.D.2d 860, 251 N.Y.S.2d 203.
These cases are consistent with the only Louisiana jurisprudence which is to the effect that, in accordance with the general rules relating to the burden of proof in civil actions, the burden in an action on an insurance contract is on the plaintiff to establish every fact in issue which is essential to his cause of action, and that his claim is within the policy coverage. See Boyd v. White, La.App., 123 So.2d 835 (writ refused).
The pertinent sections of the policy contract are:
"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile;"
"`uninsured automobile' includes a trailer of any type and means:
(a) an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or *180 organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or
(b) a hit-and-run automobile;" (A hit-and-run automobile is later defined in part as one whose owner and/or operator cannot be identified.)
The uninsured status of the offending motorist is a condition precedent to an insured's recovery against his insurer and, therefore, must be alleged and proven by the insured. Therefore, we hold that because Plaintiff had the burden of proof and failed to carry it, the lower court was correct in dismissing his suit.
For the above reasons the judgment appealed from is affirmed; Plaintiff to pay all costs in both courts.
Judgment affirmed.