198 So.2d 922 (1967)
Mrs. Gladys VITRANO and Frank Vitrano
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 2605.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1967.
Rehearing Denied June 5, 1967.
*923 Donald B. Ruiz, New Orleans, for Mrs. Gladys Vitrano and Frank Vitrano, plaintiffs-appellants.
C. Gordon Johnson, Jr., Porteous & Johnson, New Orleans, for State Farm Mut. Auto. Ins. Co., defendant-appellee.
Before YARRUT, CHASEZ, and BARNETTE, JJ.
CHASEZ, Judge.
Mrs. Gladys Vitrano, wife of, and Frank Vitrano, sued State Farm Mutual Automobile Insurance Company, alleging that it was liable unto the petitioners in the sum of $5,500.00 for damages and medical expenses occasioned by an automobile accident in which Mrs. Vitrano was involved.
An automobile driven by Mrs. Vitrano was allegedly struck from behind by a vehicle driven by one Charles E. Hinds. The vehicle was allegedly driven by Mrs. Vitrano with the permission of the owner, one Rizalino Verdeflar, and insured by the above-named defendant. Included in the policy coverage was an uninsured motorist clause whereby persons insured under the policy were entitled to recover damages from their own insurer, within limits, which the insured would be legally entitled to recover from an uninsured motorist.
The insurer filed a third-party petition against the said Charles E. Hinds, but service was not effected on the third-party defendant.
This case was tried and at the close the court stated:
"* * * the Court is going to reopen the case to permit counsel for plaintiff to inquire of the Casualty & Surety Division in Baton Rouge whether or not *924 the particular vehicle being driven by Hinds was covered by a policy of liability insurance at the time of the accident. And the Court will accept as prima facie evidence the reply of the Casualty & Surety Division."
Apparently a judgment was rendered inadvertently by the Court below on November 18, 1965 in favor of the plaintiff, Mrs. Vitrano, and against the defendant, State Farm Mutual Automobile Insurance Company, in the sum of $2,000.00 with interest, and in favor of Mr. Vitrano and against the insurance company for $194.60 with interest.
On November 22, 1965 this judgment was recalled and set aside and the case held open "for the purpose of submitting to the Court additional information from the Secretary of State, Casualty and Surety Division, which said information may reveal that defendant's insurance does not apply in this case. * * *" The Court did not set any specified time in which this was to be accomplished.
On May 9, 1966 the plaintiff's original attorneys filed a motion and order whereby they withdrew as counsel for the plaintiffs and the name of Mr. Donald B. Ruiz was substituted as counsel of record in these proceedings. On May 12, 1966 Mr. Ruiz, the present attorney, obtained an order from the Court that his name be entered of record as attorney for the Vitranos.
On May 27, 1966 the trial Court rendered judgment in favor of the defendant and against the plaintiff, rejecting the demands of the latter. The judgment was accompanied by the following written reasons:
"This case was reopened on November 22, 1965 to afford plaintiff an opportunity to establish that Charles E. Hinds was an uninsured motorist.
"Additional evidence not having been forthcoming, the Court has no alternative except to render judgment for defendant, as the case cannot be held open indefinitely."
The Vitranos have appealed to this court urging (1) the evidence was sufficient to establish that there was no insurance covering the tortfeasor, Charles E. Hinds, or the automobile he was driving; (2) alternatively, the suit should have been dismissed of non-suit if the burden of proof was not sustained by the plaintiff; and in the alternative to this, a new trial should be granted.
That the plaintiff bears the burden of proof in establishing that the tortfeasor was an uninsured motorist has been held in Macaluso v. Watson, 188 So.2d 178 (La. App.1966).
The only evidence on the trial concerning the uninsured status of the offending automobile was the testimony of W. D. Henderson in response to a subpoena duces tecum, who was employed by the Insurance Department of the State of Louisiana, and who testified that there were no insurance records pertaining to Charles E. Hinds of Orleans Parish (where he was alleged to have resided). He further stated that he couldn't say that he didn't have insurance completely, but "we get about ninety, I'll say ninety-eight or ninety-nine per cent. * * *" On cross-examination it was brought out that he couldn't ascertain that there might have been insurance coverage under another name on a particular vehicle. This was insufficient to establish that there was no insurance coverage appertaining to the vehicle driven by Charles E. Hinds.
We do not think that a non-suit would be in order in this case, as the plaintiffs were afforded a period of some six months in which to prove up their case before judgment was rendered. The defendant has undergone a trial and he is entitled to a final determination of his liability to the plaintiff; we do not see any reason why the evidence necessary to plaintiffs' case will be more available to them *925 in the indefinite future than it is at the present time.
However, the trial Court in this case did not specify a time limit in which the required proof was to be offered, and rendered a judgment some two to three weeks after new counsel entered the case. In order to insure that the interest of justice is served, we have decided to remand the case in order to allow additional time for the plaintiffs to submit their proof that the offending automobile was uninsured, with instructions to the Court to set a date for the submission of the evidence within the reasonably near future. Therefore the judgment of May 27, 1966 is vacated and set aside, and the case remanded to the lower court for proceedings in accordance with this opinion. Costs are to be borne by State Farm Mutual Automobile Insurance Company.
Vacated and remanded.