212 So.2d 527 (1968)
Roland MANUEL, Plaintiff and Appellee,
v.
AMERICAN EMPLOYERS INSURANCE COMPANY, Defendant and Appellant.
No. 2401.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1968.
*528 Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellant.
Francis E. Mire, Lake Charles, for plaintiff-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries sustained in an automobile accident. The plaintiff, Roland Manuel, was a guest passenger in an automobile being driven by Wavon J. Soileau. The petition alleges this vehicle was struck by an automobile negligently driven by an uninsured motorist, Bennett J. St. Amand. The defendant is American Employers Insurance Company, which carried a liability policy on an automobile owned by plaintiff's father, Atile Manuel. The policy provided uninsured motorist protection to the named insured and any relative of the named insured who is a resident of the same household. The principal issue at the trial was whether plaintiff, a college student, was a member of his father's household. The district judge awarded plaintiff $4,173 in damages. Defendant appealed.
We find plaintiff has not proved that St. Amand was uninsured. Hence, we do not reach a discussion of the other issues.
St. Amand is not a party to this suit, was not subpoenaed as a witness and the record is void of any deposition or statement by him as to whether he had insurance. *529 There is no competent evidence in the record on the issue.
Plaintiff relies on his own testimony and that of his host driver, Soileau, that after the accident St. Amand told them he did not have insurance. Defendant objected to this testimony as being hearsay. We think the trial judge erred in overruling defendant's objection and allowing the hearsay evidence.
On appeal, plaintiff virtually concedes that the testimony is hearsay. He argues that since it is difficult to prove another person is uninsured and since this is a technical defense, we should liberally construe the objectionable testimony along with other evidence in the record as being sufficient "circumstantial evidence" to prove that St. Amand was uninsured.
The other evidence mentioned by plaintiff is the testimony of plaintiff's host driver, Soileau, that he also filed a suit against his own insurer under the uninsured motorists provisions and his insurer compromised. The record shows that defendant objected to Soileau's testimony as to the other suit and the trial judge correctly excluded such evidence. This other suit was clearly objectionable and can have no weight in the present litigation on the issue of wheether St. Amand had insurance.
Plaintiff next argues that the statements made by St. Amand to plaintiff and Soileau were part of the "res gestae" and therefore admissible as an exception to the hearsay rule. This is apparently an afterthought, because no attempt was made during the trial to lay the foundation for admission of the statements as being part of the res gestae.
Generally speaking, hearsay evidence is excluded as being unreliable, because it is based on statements made by persons who are not before the court, have not been sworn and are not available for cross-examination. "Res gestae" declarations are admitted as an exception to the hearsay rule on the theory that spontaneous and impulsive statements, made at substantially the same time as the occurrence, without time for deliberation and fabrication, are truthful. A basic requirement of the res gestae rule is that the declaration be spontaneous and impulsive and made at substantially the same time as the occurrence.[1]
The record shows the statements in question were made by St. Amand to plaintiff and Soileau at the scene of the accident, but there is absolutely no showing that St. Amand made these statements spontaneously or impulsively, without the opportunity for deliberation, design and fabrication. Furthermore, there is no evidence to show the time which elapsed between the accident and the statements by St. Amand. Hence, plaintiff failed to lay the proper foundation for admission of the declarations as part of the res gestae.
Plaintiff relied on testimony which we have excluded as being improperly admitted. If given an opportunity, he may be able to show by competent evidence that St. Amand was uninsured. In these circumstances the interests of justice require that we remand this case to the district court for the purpose of allowing additional evidence on the question. LSA-C.C.P. Article 2164; Excel Finance Camp, Inc. v. Autin, La.App., 177 So.2d 662 (4th Cir. 1965). See also Gloston v. Commercial Standard Insurance Co., La.App., 196 So.2d 302 and Green v. Commercial Standard Insurance Co., La.App., 196 So.2d 301 which were remanded to allow proof that the negligent motorist was uninsured.
*530 For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for the purpose of allowing additional evidence limited to the issue of whether St. Amand was an uninsured motorist within the provisions of the policy in question. Thereafter the trial court shall render such judgment as is proper. All costs of this appeal are assessed against the plaintiff appellant.
Reversed and remanded.
NOTES
[1] Fasullo v. Columbia Casualty Company, La.App., 195 So.2d 361 (4th Cir. 1967); Micheli v. Toye Bros. Yellow Cab Company, La.App., 174 So.2d 168 (4th Cir. 1965); Ellis v. Edwards, La.App., 183 So. 116; Donaldson v. Riddling's Succession, La.App., 145 So. 804; Bionto v. Illinois Central Railroad Company, 125 La. 147, 51 So. 98, 27 L.R.A.,N.S., 1030.