LOTTINGER, Judge.
This is a suit wherein the defendant pleaded discharge in bankruptcy in defense to a garnishment proceeding instituted against him.
The record points out that the defendant, Roosevelt Hurts, executed a promissory note on August 31, 1964, in the amount of $1,080.00. Nothing was paid on this note except the sum of $10.80 on October 31, 1964, which was credited to interest. On December 11, 1964, defendant filed a “Petition for Bankruptcy” in the United States District Court for the Eastern District of Louisiana. On December 15, 1964, plain *561 tiff, Consolidated Credit Corporation, filed a suit on the promissory note executed on August 31, 1964. The defendant did not file an answer to plaintiff’s petition, nor did he make an appearance, and therefore plaintiff entered a preliminary default on January 18, 1965, and confirmed same on January 27, 1965. On March 23, 1966, in the bankruptcy proceedings, the defendant was discharged from all debts listed in his petition for bankruptcy.
Subsequently, on April 12, 1966, plaintiff instituted garnishment proceedings against the defendant’s wages. On May 5, 1966, the defendant filed a “Rule to Show Cause” as to why the original suit and the garnishment proceedings filed therein should not be dismissed at plaintiff’s cost. In his motion for the rule, the defendant alleged his discharge in bankruptcy, the fact that the note sued upon was listed on the proper schedule in the bankruptcy proceeding, and further attached a certified copy of the discharge in bankruptcy. The plaintiff filed a cross rule on May 13, 1966, setting forth that the defendant had not complied with the provisions of the Louisiana Code of Civil Procedure requiring an answer to the original petition and specifically pleaded the absence of an affirmative defense by the defendant, at a time when he allegedly had one; that under the circumstances the defendant was presumed to have acquiesced in the judgment subsequently rendered against him. Both motions were heard on May 16, 1966, and the Trial Court rendered a judgment sustaining the defendant’s rule and recalling and vacating the plaintiff’s rule.
Plaintiff applied for a rehearing or a new trial which was denied. From this judgment, plaintiff has perfected this appeal.
Plaintiff-Appellant has set forth four specifications of error, namely:
“(1) In allowing the defendant to contest the execution of a final judgment by alleging a defense through a rule to show cause after having failed to file an answer to plaintiff’s original petition as is required under the provisions of Article 1001 of the Louisiana Civil Code of Civil Procedure.
“(2) In allowing the defendant to urge an affirmative defense by way of a rule after having failed to secure a stay order at a time one could and should have been issued or in failing to plead what may have been an affirmative defense in answer to plaintiff’s original petition as is required by Article 1005 of the Louisiana Code of Civil Procedure.
“(3) In allowing counsel for defendant to simply submit a copy of a discharge in bankruptcy as full proof of the fact that defendant’s debt to plaintiff-appellant, Consolidated Credit Corporation was listed in the schedules of bankruptcy or that defendant’s obligations to plaintiff was legally discharged.
“(4) In declining to hear testimony in opposition to the alleged discharge in bankruptcy and in rejecting proof that the debt owed Consolidated Credit Corporation was in law not dischargeable in bankruptcy.”
We shall now take up specifications of error one and two. The true basis of both of these specifications of error as contended by the plaintiff is that the defendant failed to plead an affirmative defense in answer to the petition, and as a matter of law, he has waived his defense of discharge in bankruptcy. The identical question as presented by the instant case was very ably handled by the Third Circuit in Louisiana Machinery Company v. Passman, La.App., 158 So.2d 419, wherein the defendant filed a petition in bankruptcy, the plaintiff then filed a suit and took a judgment on an indebtedness, and subsequent to this judgment, the defendant received his discharge in bankruptcy. In holding that the judgment which was obtained against the debtor in a suit instituted after his adjudication in bankruptcy *562 could not be personally enforced against him, the Court stated:
“At the time the assignor of appellant obtained the judgment in the instant case, appellee had been adjudicated a bankrupt by the bankruptcy court, and upon receiving a discharge in bankruptcy, appellee was released from all provable debts and claims against him personally; and, the discharge in bankruptcy related back to the date of adjudication, which was before judgment was given in this case. Accordingly, the original judgment entered in the instant case was of no force and effect as to any personal liability against the bankrupt or his estate.”
The Court further held:
“In the instant case the suit was filed after appellee was adjudicated a bankrupt. Hence, it was not necessary that the bankrupt answer such a suit and plead therein the defense of adjudication in bankruptcy. It was only necessary that he plead his discharge whenever such judgment was sought to be personally enforced against him.” (emphasis by the Court)
Therefore, it can be seen from the Louisiana Machinery Company case that the debtor does not waive his defense of discharge in bankruptcy by failing to plead this defense prior to his discharge in bankruptcy. This defense could not be pleaded inasmuch as the debtor, Mr. Hurts, had not received his discharge prior to the time of the rendition of the judgment against him.
The plaintiff-appellant has cited to this Court the case of X-L Finance Company v. Fenske, 197 So.2d 182 (La.App. 1st Cir. 1967) which he contends stands for the proposition that if suit is instituted against a debtor during the bankruptcy proceedings and prior to the discharge in bankruptcy, the debtor must apply for a stay order during the pendency of the bankruptcy proceedings, and failure to do so constitutes a waiver of his defense of discharge in bankruptcy. We have reviewed the X-L Finance Company, Inc. v. Fenske case and do not find such to be the rule of law as expressed by said case.
The statement in the Fenske case does not make it mandatory on the debtor to obtain a stay order, but merely expresses the understanding that he can obtain a stay order if he so wishes.
In his third specification of error, plaintiff contends that the mere offering of a copy of defendant’s discharge in bankruptcy is not sufficient proof to enable defendant to carry the burden of proving what could have been and should have been presented by filing copies of the schedules in bankruptcy. In Excel Finance Camp, Inc. v. Autin, 177 So.2d 662, 664 (La.App. 4th Cir.1965), the Court stated that:
“The best evidence rule also applies to the defendant’s proof of his discharge in bankruptcy. A discharge in bankruptcy is an affirmative defense (LSA-C.C.P. art. 1005), and as such must be proved by the defendant. Here again oral proof should not be submitted when the best evidence would be a certified copy of the discharge in bankruptcy.” (Emphasis added)
At 8B C.J.S. Bankruptcy § 586, p. 147, we find the following:
“It is almost universally held that the introduction of the certificate or order of a discharge in bankruptcy in an action on a claim existing at the time of the filing of the petition makes out a prima fa-cie defense, and raises a presumption of jurisdiction and regularity in the bankruptcy proceedings. Thus, the discharge when properly introduced in evidence is presumed to cover all of the bankrupt’s debts, and raises the presumptions that the claim was duly scheduled, that due notice of the proceedings in bankruptcy was given to claimant, and that the claim was discharged.”
*563 We can therefore see that the Excel Finance case is following the universally held rule that the presumption is with the bankrupt that all debts were listed. Therefore, we can find no error in the action of the Trial Judge.
As to the fourth specification of error that the Trial Judge denied the opportunity of the plaintiff to present any evidence concerning any misrepresentation by the bankrupt, we find that there is nothing in the record of this proceeding which indicates such. Further, we find an absence of a proffer of evidence. There is no indication that the plaintiff attempted to make a proffer of evidence, and therefore, in the absence of any indication in the record to show that the Trial Judge denied the plaintiff the opportunity to admit any evidence, we must necessarily hold against the plaintiff.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs are to be paid by plaintiff-appellant.
Judgment affirmed.