ELLIS, Judge.
This case arises out of an automobile accident which happened in Bogalusa, Louisiana, on August 16, 1966, in which plaintiff, Joseph J. Bullock, was injured while riding as a guest passenger in his automobile. It is not disputed that James W. Perry, the operator of the other vehicle, was at fault in the accident.
In the original petition, it is alleged that James W. Perry is an unemancipated minor, residing in the State of Mississippi, whose father was deceased, and that he was an uninsured motorist. Accordingly, suit was brought against him through a curator-ad-hoc appointed by the court. Zurich Insurance Company, plaintiff’s insurer, was also sued under the uninsured motorist section of the policy.
Subsequently, in a supplemental petition, plaintiff alleged, alternatively, that James W. Perry was a minor emancipated by marriage, and, in the further alternative, that he was an unemancipated minor residing with his mother, Mrs. Ernie Mae Kelly. Both were named parties defendant and service was made on them through the Secretary of State.
An answer was filed by the curator on behalf of Perry in which it is alleged that he was in fact married as of the time of the accident and that he had no liability insurance. No answer was filed by Mrs. Kelly, and no answer was filed by Perry in his alternative capacity as an adult, or at least as an emancipated minor. Preliminary defaults were entered as to them. Neither of them appeared or testified at the trial.
After trial on the merits, judgment was rendered in favor of plaintiff and against James W. Perry, Mrs. Ernie Mae Kelly, and Zurich Insurance Company, in solido, for $3,046.76. From that judgment, Zurich has taken a suspensive appeal.
The first specification of error is that the trial court erred in concluding that Mr. Perry was uninsured at the time of the accident. Zurich properly takes the position that plaintiff must prove by a preponderance of the evidence that the alleged uninsured motorist was in fact uninsured at the time of the accident. Macaluso v. Watson, 188 So.2d 178 (La.App. 4 Cir. 1966).
In support of his allegation that Perry is an uninsured motorist, plaintiff relies on the allegations to that effect in the answer filed by the curator. The investigating officers at the scene of the accident testified that Perry told them he had no liability *798 insurance. Plaintiff and his wife testified that Perry told them the same thing in plaintiff’s hospital room. Richard 0. Guy, Zurich’s adjustor, who was present in the hospital room at the time, recalled that Perry said he did not think he had insurance. In addition, Mr. Bullock testified that he attended Mr. Perry’s sentencing in the Bogalusa City Court and heard Mr. Perry tell the judge of that court that he had no liability insurance. Zurich takes the position that all of the above evidence is incompetent and that it should not have been admitted in the case at all, and could not be considered against Zurich under any circumstances.
Because we are of the opinion that the first specification of error is well taken, and the judgment must be reversed, we do not find it necessary to detail or discuss the other assignments of error.
We think that all of the testimony relative to statements made by Perry that he had no liability insurance should have been excluded as hearsay. Such evidence is usually excluded as unreliable because it is based on unsworn statements made by one not before the court and not available for cross examination. We do not agree with the plaintiff that the statements are admissible because they are against the interest of Perry; but even if this were so, they would not be binding on nor evidence against Zurich, since there is no mutuality of interest between them and no solidary obligation between them could arise from this accident. Fasullo v. Columbia Casualty Company, 195 So.2d 361 (La.App. 4 Cir. 1967); Booth v. Fireman’s Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968).
Neither are the statements made to the police officers at the scene of the accident admissible as part of the res gestae. To be part of the res gestae, such statements must be made spontaneously and impulsively, and at approximately the same time as the accident. Manuel v. American Employers Insurance Company, 212 So.2d 527 (La.App. 3 Cir. 1968). The statements made here were made some time after the accident, in response to a question put to Perry by the officers at the request of plaintiff.
If the allegation in the answer filed by the curator on behalf of Perry that he was uninsured is a judicial admission of that fact, it is proof thereof only as to Perry. Article 2291, Civil Code. As to Zurich, it must be proven by competent evidence as does any other fact.
The final item of evidence relied on is an affidavit executed by Perry to the effect that he had no liability insurance. This was admitted in evidence, over Zurich’s objection, for the sole purpose of showing the basis on which the curator made the allegation in his answer. As to Zurich, it is pure hearsay and inadmissible.
Plaintiff also attempted to introduce compromise settlements entered into between Zurich and two guest passengers in plaintiff’s car as evidence of the fact that payment to them was made under the uninsured motorist section of the policy. These were properly excluded by the trial judge and appear in the record only as the result of a proffer and cannot be considered by us.
The burden of proving a negative fact, such as plaintiff bears herein, is extremely difficult to meet. In this case, if plaintiff is unable to secure the testimony of the alleged uninsured motorist, either at the trial or by an admissible discovery device, there is no readily apparent means of proof at his disposal.
Because of the difficulty of plaintiff’s position, and the harsh result which our opinion would otherwise bring about, we feel that the cause of justice would best be served by remanding the case to the trial court for the sole purpose of permitting plaintiff to offer any admissible evidence on the point in question which may be available to him, with judgment to be thereafter rendered in accordance with the views herein expressed.
*799 The judgment appealed from is therefore set aside, and the case remanded to the trial court for further proceedings in accordance herewith. Assessment of costs shall await the final determination of the case.
Remanded.