259 So.2d 636 (1972)
Judy Slicho TALAZAC and George Slicho
v.
PHOENIX OF HARTFORD INSURANCE COMPANY.
No. 4837.
Court of Appeal of Louisiana, Fourth Circuit.
March 21, 1972.
Zelden & Zelden, Max Zelden, New Orleans, for plaintiffs-appellees.
*637 Porteous, Toledano, Hainkel, & Johnson, Christopher E. Lawler, New Orleans, for defendant-appellant.
Before REGAN, LEMMON and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal from a judgment rendered in favor of plaintiffs-appellees and against defendant-appellant, Phoenix of Hartford Insurance Company, in an action for damages arising out of an automobile accident. Phoenix was cast in judgment as the uninsured motorist carrier of the plaintiff vehicle.
On March 19, 1967, the minor, Judy Slicho, was a passenger in the front seat of an automobile driven by Norman F. Talazac which collided with a vehicle driven by Hugh L. Albin. As a result of the collision, Judy Slicho sustained personal injuries, and medical bills were incurred by her father, George Slicho. Suit is brought by these two plaintiffs against the other driver, Albin, and the Phoenix of Hartford Insurance Company which had in force a liability insurance policy covering the automobile in which Judy Slicho was a passenger. That automobile was operated by Norman F. Talazac who, prior to the filing of suit, married Judy Slicho.
Judgment was rendered in the trial court in favor of both plaintiffs against Phoenix under the uninsured motorist protection provisions in its insurance policy and by default against Albin on Phoenix's third party demand. Phoenix appeals, contesting only the finding of fact by the trial judge that there was sufficient proof that Albin did not have liability insurance, and therefore, Phoenix was liable under the uninsured motorist provisions.
Appellant contends that, in a suit on an insurance contract, the burden is on plaintiff to establish every fact in issue which is essential to his cause of action, and that his claim is within the policy coverage. Boyd v. White, 123 So.2d 835 (La. App.2nd Cir., 1960). Thus, in the case before us it is required that plaintiff prove, under the uninsured motorist clause of the insurance policy relied upon, that the other motorist in the accident was not covered by an automobile liability policy, Macaluso v. Watson, 188 So.2d 178 (La.App. 4th Cir., 1966).
We are of the opinion that this is a correct statement of the law. Following the Macaluso case, supra, our courts have consistently held that the uninsured status of the offending motorist is a condition precedent to the insured's recovery against his insurer and, therefore, must be alleged and proved by the insured, and where the insured fails to carry such burden, he cannot recover. Bullock v. Perry, 238 So.2d 796 (La.App. 1st Cir., 1970); Manuel v. American Employers Insurance Company, 212 So.2d 527 (La.App. 3rd Cir., 1968); Vitrano v. State Farm Mutual Automobile Insurance Company, 198 So.2d 922 (La. App. 4th Cir., 1967).
An examination of the record reveals that there are only two (2) items of proof as to the existence of insurance on the opposing driver. The first is the testimony of Norman Talazac, who, (after testifying as to the facts of the collision) was asked the following question: "What was the first thing he said to you if anything?", to which he answered, "He was nervous, aggravated and asked if anybody was hurt and said that he didn't have any insurance."
The second item of proof is the testimony of plaintiff George Slicho who arrived on the scene some thirty (30) to forty-five (45) minutes after the accident. Referring to a conversation he had with the opposing driver, he testified: "I asked if he had insurance for liability and medical and at which time he told me he didn't."
We do not have any evidence whatsoever from the defendant Albin, who not only did not appear and answer the suit, but apparently could not be located for the trial *638 by either party, and hence he did not testify.
Appellant contends that both of these statements above referred to were hearsay evidence and cannot serve as the basis for the trial judge's finding of nonexistence of insurance on Albin. Plaintiffs on the other hand contend that the statements were part of the "res gestae" and therefore admissible as an exception to the hearsay rule.
We note that there was no objection made by counsel at the time of the testimony of Talazac, but there was objection made by him at the time of the testimony of Slicho, and the trial judge overruled his exception. On the showing made in the record, we are of the opinion that the statements referred to were hearsay and that the objection should have been maintained.
Facing a somewhat similar situation in the case of Manuel v. American Employers Insurance Company, supra, the court said:
"Generally speaking, hearsay evidence is excluded as being unreliable, because it is based on statements made by persons who are not before the court, have not been sworn and are not available for cross-examination. `Res gestae' declarations are admitted as an exception to the hearsay rule on the theory that spontaneous and impulsive statements, made at substantially the same time as the occurrence, without time for deliberation and fabrication, are truthful. A basic requirement of the res gestae rule is that the declaration be spontaneous and impulsive and made at substantially the same time as the occurrence." (212 So. 2d 529).
While the statement made by Talazac to some degree satisfies the requirements laid down in Manuel, supra, the statement made by Slicho, made in a conversation some thirty (30) to forty-five (45) minutes later, does not fulfill any of the requirements.
Nevertheless, we note that in the case of Manuel, supra, and in the case of Bullock v. Perry, supra, wherein similar problems were considered, the courts, based upon the proposition that plaintiff relied on testimony which the appellate court excluded as being improperly admitted, and based upon the burden of proving a negative fact,[1] which is an extremely difficult proposition, were of the opinion that justice demanded that the case be remanded to the trial court for the sole purpose of permitting plaintiff to offer any admissible evidence on the point in question, and to permit him an opportunity to lay a foundation which may serve to bring the evidence within one of the exclusions of the hearsay rule.
We believe such a result to be proper in this case, because in the instance of Talazac, it appears that a proper foundation perhaps could be laid for its admissibility as part of the res gestae. In relation to the testimony of Slicho, while it does not appear such a foundation could be laid, this testimony was obviously relied on by plaintiff and was considered by the trial judge in resolving the issue of the burden of proof.
For the reasons assigned, the judgment is reversed and set aside. This case is remanded for the purpose of allowing additional evidence limited to the issue of whether Albin was an uninsured motorist within the provisions of the policy in question. Thereafter the trial court shall render such judgment as is proper. Assessment of costs shall await the final determination of the case.
Reversed and remanded.
NOTES
[1] This difficulty was legislatively rectified in 1970 by the amendment of R.S. 22:1406, but this amendment was not in effect at the time of trial.