SCHOTT, Judge.
Appellants, Dick Bohn Ford, Inc. and Liberty Mutual Insurance Company, have appealed from a judgment taken against them by plaintiffs for damages arising out of an automobile accident which occurred on October 3, 1969.
Prior to the accident plaintiffs, Mr. and Mrs. Hall and their son, Timothy, had been proceeding in their automobile on Interstate Highway 10 from Slidell to New Orleans when they suddenly entered a fog bank in which there was virtually no visibility. Hall was moving very slowly in the center of the three lanes and intended to move over to the right side of the highway when his automobile was struck from the rear by a station wagon driven by Kenneth E. Thomas, allegedly owned by Dick Bohn Ford, Inc. and allegedly insured by Liberty Mutual Insurance Company. Although this was a slight impact and none of the Halls sustained any injury from this impact, Hall smelled gasoline and surmised that the tank had been ruptured in the collision so he turned off the ignition and resolving that they would leave the automobile and extricate themselves from what he perceived to be a dangerous situation. While he was in the process of reaching for his son in the back seat of the automobile, and after his wife, having unbuckled her own seat belt, was either getting or had just gotten outside of the car, there was another collision when a heavy dump truck struck the station wagon propelling it into the plaintiffs’ automobile and throwing Mrs. Hall to the side of the highway. Originally the defendants along with appellants were Andy W. Woods, Stanley E. Crawford and State Farm Mutual Automobile Insurance Company, the driver, owner and insurer of the dump truck, as well as Thomas, the driver of the station wagon. Thomas was never served with the petition and citation and did not testify at the trial of the case.
As to Woods, Crawford and State Farm, in November, 1972, a settlement was made by plaintiffs for $25,000 with a full reservation of the rights of plaintiffs to proceed against Thomas and appellants. Pursuant thereto on December 18, 1972, a judgment was signed dismissing plaintiffs’ suit against Woods, Crawford and State Farm, and reserving plaintiffs’ rights against Thomas and appellánts. Notwithstanding this judgment of dismissal, after trial of the case, judgment was rendered in favor of plaintiffs and provided “that all of these sums are to be assessed against the defendants, Andy W. Woods, Stanley E. Crawford, State Farm Mutual Automobile Insurance Company, Dick Bohn Ford, Inc., and Liberty Mutual Insurance Company, jointly, severally, and in solido, in addition to legal interest from date of demand until paid, and all costs of these proceedings.”
In reasons for judgment, the trial judge found that Hall came to a stop after the first impact because he smelled gasoline, that he and his family started to get out of the car and while in the process of doing so their automobile was struck again with “a tremendous impact, injuring the Plaintiffs.”
Appellants specify two errors, the first being that there was no evidence whatsoever to connect them with the driver of the station wagon, Kenneth Thomas. The second specification is that the trial court failed to find that the sole proximate cause of the injuries was the negligence of Andy Woods and that he failed to find contributory negligence on the part of Hall. We will treat these specifications in inverse order.
Appellants’ argument is that Woods was independently negligent as opposed to the driver of the station wagon because each driver had the separate and individual obli *920 gation to operate his vehicle in such a manner that it would not collide with a preceding vehicle under the circumstances of reduced visibility. Citing from this Court Hall v. Ferguson, 88 So.2d 489 (La. App.Orl.1956), Graves v. Liberty Mutual Insurance Company, 75 So.2d 513 (La.App.Orl.1954) and Jarreau v. Toye Brothers Yellow Cab Company, 24 So.2d 700 (La.App.Orl.1946), as well as Hudgins v. Gage, 194 So. 105 (La.App. 1st Cir. 1940), appellants contend that where two separate and distinct impacts occur in accidents involving multiple car collisions the defendant whose negligence caused one of the collisions but did not cause the injuries to the plaintiff should be absolved of legal liability. But the cited cases can all be distinguished on the facts. In each of these emanating from this Court, all of the damage and/or injury was the direct result of the first collision and there was no damage shown to have resulted from the subsequent collision. In each case the Court found that the subsequent collision was not a proximate cause of the plaintiff’s damages. In the fourth cited case the Court found no negligence on the part of any of the defendants.
The matter addresses itself to whether the negligence of the station wagon driver in the instant case was a proximate cause of the injuries sustained by the Halls. In one of the latest discussions on the subject of proximate cause, the Supreme Court in Home Gas & Fuel Co. v. Mississippi Tank Co., 246 La. 625, 166 So.2d 252, said:
“To be actionable the cause need not be the sole cause, but it must be a cause in fact, and to be a cause in fact it must have a proximate relation to the harm which occurs and it must be substantial in character.”
In Larkins v. United States Fidelity & Guaranty Co., 258 So.2d 132 (La.App. 2nd Cir. 1972), the following is said:
“Therefore, to constitute proximate cause as distinguished from remote cause, the negligent act must be the primary or moving cause of the injury, or that cause which in natural or continuous sequence, unbroken by any efficient or intervening cause, produces injury and without which the accident could not have happened, provided the injury is of such nature as to have been reasonably anticipated or foreseeable as the natural and probable consequence of the wrongful act.”
Similar expressions can be found in Rossiter v. Aetna Casualty & Surety Company, 255 So.2d 103 (La.App. 2nd Cir. 1971), Monger v. McFarland, 205 So.2d 86 (La. App. 3rd Cir. 1967), and Hinegardner v. Dickey’s Potato Chip Co., 205 So.2d 157 (La.App. 1st Cir. 1967). In the Monger case the Court held that for a negligent act to be actionable it must be the moving cause of the injury “without which the accident could not have happened.”
In the instant case there is no doubt about the negligence of the driver of the station wagon. The argument is only that that negligence was not a proximate cause of the injuries suffered by the Halls. In the first place, there was a lapse of a very short period of time, 30 seconds according to the testimony of Mr. Hall, between the first impact and the second impact. While it can be argued that this means that the Hall automobile would have been struck by the dump truck regardless of the first impact it is more probable that the second collision occurred as the natural and probable consequence of it being disabled at least in the mind of Hall and stopped because of the first collision. Furthermore, great injury in this case was sustained by Mrs. Hall who had already gotten out of the automobile and was in the process of getting her son from the car when the second impact occurred with such force that she was thrown off the highway. There can be no doubt that she was out of the car and in a position where she suffered this injury because of the first collision which caused the reasonable fear on the part of herself and her husband that gaso *921 line had been released in the vicinity of the automobile and that a fire could occur.
Under the facts of this case we are convinced that the negligence of the driver of the station wagon was a proximate cause of the injuries sustained by the Halls along with the negligence of Woods. We are not concerned with the degree of negligence, but the evidence is compelling that the two impacts were closely interrelated and the injuries suffered would not have occurred but for the negligence of the station wagon driver in the first instance.
There is no evidence to support the plea of contributory negligence with respect to plaintiff Hall. He and Mrs. Hall both testified that they believed their gasoline tank had been ruptured from the first collision based on the smell of gasoline in the air, and neither one could see because of the density of the fog. Their decision to move away from the automobile under these circumstances was reasonable and the second impact occurred so quickly that it was impossible for Hall to take any precautions in order to warn oncoming traffic. We find nothing that he could have done to avoid the collision and find no dereliction in his conduct under the circumstances.
We how return to appellants’ first specification of error to the effect that there was no evidence whatsoever to connect them with the tort feasor, Kenneth E. Thomas. Our review of the record confirms the validity of this position.
Plaintiffs have requested that the case be remanded so as to enable them to offer proof to connect appellants with the alleged tort feasor, Kenneth E. Thomas, and suggest that at every stage of the proceedings in the trial court it was taken for granted that appellants were connected with Thomas and that the lack of formal proof of the relationship was the result of inadvertence on plaintiffs’ part.
The record lends support to plaintiffs’ position. This is not a case where an attempt was made to prove an element in the case but rather where the element was overlooked entirely. While Kenneth E. Thomas was not served he was listed as a potential fact witness in behalf of appellants in their note of evidence filed prior to the trial. At one stage in the proceeding, plaintiffs’ attorney specifically declined to call as a witness the investigating officer, apparently satisfied that he had proved his case on liability but apparently failing to realize that this witness might have been able to establish a connection between Thomas and appellants. Of course, if the connection does exist the same could have been established by means of written interrogatories, or request for admissions, and considering the simplicity of the procedures which could have been employed in order to establish such a connection if the same exists it seems manifestly unjust to dismiss with finality the plaintiffs’ suit because of their minor and mechanical accident in the course of the trial process.
In Excel Finance Camp, Inc. v. Autin, 177 So.2d 662 (La.App. 4th Cir. 1965), this Court became convinced on appeal that a judgment taken against a borrower on the basis of a false financial statement and its effect on the borrower’s discharge in bankruptcy was insufficiently supported by the evidence because the plaintiff had failed to place in evidence a certified copy of the borrower’s bankruptcy schedule. The Court concluded that the ends of justice could be served only by a remand of the case.
Similarly, in Manuel v. American Employers Insurance Company, 212 So.2d 527 (La.App. 3rd Cir. 1968), where the Court on appeal became convinced that the plaintiff had failed to prove that the tort feasor was in fact an uninsured motorist so as to provide a basis for plaintiff’s claim against his own insurer, the case was remanded for the purpose of allowing evidence on the issue of whether the tort feasor was uninsured within the provisions of the policy in question.
*922 These decisions are consistent with the spirit of LSA-C.C.P. Art. 2164 which empowers and obligates this Court to render any judgment which is just, legal and proper. We are satisfied that we are clothed with the discretion to remand a case where the ends of justice require it and we have resolved that that situation exists in the instant case.
While we have resolved to set aside the judgment in this case and remand it for the sole purpose of determining the connection, if any, between Kenneth E. Thomas and appellants, we deem it advisable to provide appellants with a clarification requested by them as to the effect of the release furnished by the Halls to Woods, Crawford and State Farm. Having found that there were two tort feasors, Woods and Thomas, and since the release has been furnished to Woods, pursuant to LSA-C.C. Art. 2103, the liability, of any, of appellants will necessarily be reduced by one-half of the amounts for which they were cast in judgment unto plaintiffs.
In arriving at this conclusion, we have considered the question whether appellants might have been entitled to full indemnity against the released defendants. Were we to conclude that there was only technical or constructive fault or some form of vicarious liability on the part of Thomas, making him liable in solido with Woods as far as plaintiffs are concerned, but granting to him the right of indemnity rather than contribution against Woods, we might reach the conclusion that the release furnished to Woods has the effect of releasing Thomas. See Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539. But for the reasons already stated we have found that Thomas was not merely technically or vicariously liable but was a joint tortfeasor because his negligence actually aggravated the injuries sustained by plaintiffs.
Also, we find some assistance on the resolution of this problem in Truxillo v. Gentilly Medical Building, Inc., 225 So.2d 488 (LaApp. 4th Cir. 1969), where in deciding that one defendant was entitled to indemnification from another this Court said the following:
“On the question whether one’s negligence is the cause of the other’s liability, the question is relevant whether one owed the breached duty to the other (and not only to the injured third party). Thus in Appalachian, plaintiff owed a duty to the plaintiff watchman (whether as his employer or as building owner) to provide safe premises, but it did not owe this duty to defendant, its vendor who was in fact still in possession of the premises. Likewise here, Gentilly had no obligation towards Safeway to warn third persons of the danger here involved: thus Safeway, if sued alone, should not have been able to ask for indemnity or even contribution from Gentilly because Gentilly did Safeway no wrong, breached no obligation owed to Safeway.”
This brings into sharp focus the distinction with the instant case where Thomas positively breached a duty to Woods when he negligently ran into the moving Hall automobile and was then stopped in the fog behind the then stopped Hall vehicle. It seems clear that had Woods been sued alone he would have been able to ask for contribution from Thomas because Thomas did breach such an obligation to Woods. Woods’ negligence may have been greater than Thomas’, but Woods’ negligence would not have caused the same extent of injury by itself.
Accordingly, the judgment of the trial court is set aside and the case is remanded for the sole purpose of allowing additional evidence limited to the relationship between Kenneth E. Thomas and appellants. Thereafter, the trial court shall render such judgment as is proper and supported by the evidence but limited to one-half of the damages assessed at the first trial. Costs of further trial to be borne by plaintiffs and all other costs to await final outcome.
Judgment set aside and case remanded.